UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REVEREND HOWARD A. MATHIS,

    Plaintiff,

v.

THE CITY OF LAKELAND, A FLORIDA
MUNICIPALITY AND MAYOR WILLIAM
"BILL" MUTZ AND FORMER
COMMISSIONER SCOTT FRANKLIN,
COMMISSIONERS STEPHANIE MADDEN,
SARA ROBERTS MCCARLEY, CHAD
MCLEOD, BILL READ, PHILLIP WALKER IN
THEIR INDIVIDUAL CAPACITIES, THE CITY
OF LAKELAND POLICE DEPARTMENT AND
HEARING OFFICERS JOSHUA K. BROWN,
MATTHEW VAUGHN, AND AMERICAN
TRAFFIC SOLUTION,

    Defendants.
_____/

Case No.: 8:21-cv-00235

## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' AMENDED COMPLAINT

Defendants, the City of Lakeland, Mayor William "Bill" Mutz, Former Commissioner Scott Franklin, Commissioners Stephanie Madden, Sarah Roberts McCarley, Chad McLeod, Bill Read, and Phillip Walker, in their individual capacities, and Hearing Officers Joshua K. Brown and Matthew Vaughn,[1] pursuant

---

[1] The named "The City of Lakeland Police Department" is a department within the City of Lakeland, and not a separate entity subject to suit. *Florida City Police Dept. v. Concoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995).

1

to Federal Rules of Civil Procedure 12(b) and 15, move this Court to dismiss the Amended Complaint filed by Plaintiff, Reverend Howard A. Mathis, and state:

## I.   Procedural History

1.   Plaintiff previously filed a Complaint, asserting three separate causes of action: (1) violation of his due process rights under the Fourteenth Amendment and 42 U.S.C. §1983; (2) violation of his rights under 42 U.S.C. §1985(3); and (3) race discrimination and retaliation under 42 U.S.C. §1981.  (Doc. 1 at 7-10).

2.   Defendants moved to dismiss Plaintiff's Complaint (Doc. 8). Magistrate Flynn previously entered a Report and Recommendation dismissing Plaintiff's Complaint (Doc. 24), which this Court adopted and provided Plaintiff an opportunity to file an amended complaint no later than September 17, 2021. (Doc. 25).  In the Court's Order, the Court strongly advised Plaintiff to obtain legal counsel prior to amending the complaint, and cautioned Plaintiff that if the amended complaint fails to state a claim, the complaint will be subject to final dismissal. *Id.*

3.   On or about October 20, 2021 Plaintiff filed an Amended Complaint (Doc. 28).[2]  Plaintiff's Amended Complaint is again filed pro se. *Id.*  Many of the allegations in the Amended Complaint are the same or substantially similar to those

---

[2] Defendants note that Plaintiff did not timely file his Amended Complaint pursuant to the time allotted by the Court.  On September 27, 2021, the Court provided Plaintiff an extension to amend his complaint by October 18, 2021. (Doc. 27)  The Amended Complaint is dated as being signed by Plaintiff on October 18, 2021 and the Certificate of Service indicates it was served by U.S. Mail on October 18, 2021. (Doc. 28).  However, it was not filed with the Court until October 20, 2021. *Id.*

2

in the original Complaint. The Amended Complaint contains four (4) counts, titled as follows: 1) "Count One – Violation of Due Process under 42 U.S. Code ¶ 1983"; 2) "Count Two – 42 U.S. Code § 1985"; 3) "Count Three – Violation of Title VI of the Civil Rights Act of 1964"; and 4) "Count Four – Unjust Enrichment For Violations of Fla Statutes. § 316.0083(b)(4), § 318.121, §560.204."

    4.    All four of Plaintiff's counts fail to state a cause of action for a variety of reasons.

## II. <u>Memorandum of Law</u>

The Report and Recommendation clearly and concisely sets forth the standard of review for purposes of a motion to dismiss. (Doc. 24 at 4-5). As such, for brevity purposes, Defendants incorporate the standard of review analysis from the Report and Recommendation into this Motion.[3]

### A. *Plaintiff's Amended Complaint is a Shotgun Pleading*

The Report and Recommendation pointed out the shotgun nature of Plaintiff's original Complaint, and on that basis alone, recommended that Plaintiff's original Complaint was due to be dismissed. (Doc. 24 at 6). Plaintiff's Amended Complaint does not remedy the shotgun nature of Plaintiff's original Complaint and again fails to provide adequate notice of the claims against the various Defendants and the

---

[3] Defendants further reincorporate the analysis from the Report and Recommendation and for brevity purposes have attempted not to re-hash issues that have already been addressed by the Report and Recommendation.

grounds upon which each claim rests. (Doc. 24 at 6); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F. 3d 1313, 1323 (11th Cir. 2015). As Plaintiff's Amended Complaint fails to cure the defects regarding the shotgun nature of Plaintiff's original Complaint, Defendants set forth and incorporate the analysis contained in the Report and Recommendation pertaining to the shotgun nature of Plaintiff's original Complaint and request that this Court dismiss the Amended Complaint. (Doc. 24 at 6-7).

  **B.** *Count I – Violation of Due Process Under 42 U.S.C. § 1983*

In Count I of the Amended Complaint, Plaintiff appears to aver a violation of his due process under Section 1983. The exact basis for Plaintiff's Section 1983 claim is unclear, as his allegations are convoluted and unclear, in addition to the shotgun nature of the pleading. Count I of the Amended Complaint appears to contain five (5) sub-sections none of which assist Defendants in understanding the nature of Plaintiff's claim that he was denied due process in violation of Section 1983. The unclear nature of Plaintiff's claim makes it difficult for Defendants to respond and Count I of Plaintiff's Amended Complaint should be dismissed as it fails to provide adequate notice as to the nature of Plaintiff's claim.

With that said, the Report and Recommendation sets forth the requirements to state a cause of action under Section 1983: "To state a cause of action under § 1983, a plaintiff must allege (1) an act or omission deprived him of a right, privilege, or

immunity secured by federal law; and (2) the act or omission was committed by a state actor or person acting under color of state law." (Doc. 24 at 8) (citing *Harvey v. Harvey*, 949 F. 2d 1127, 1130 (11th Cir. 1992)).

          1.     *No Deprivation of a Federal Right, Privilege, or Immunity*

Plaintiff's Amended Complaint fails to adequately allege a right, privilege, or immunity secured by federal law that he was denied. Count I of Plaintiff's Amended Complaint contains a subsection titled "Section 1983 – Deprivation of a Federal Right." But in reviewing this subsection, it is unclear what right, privilege, or immunity by federal law Plaintiff is alleging he was deprived. There is no reference to a federal law in that subsection. (Doc. 28 at 12-13). Rather, Plaintiff vaguely alleges he was deprived of due process at his first administrative hearing by Hearing Officer Vaughn. *Id.* This claim appears to be the same or substantially similar to the Plaintiff's lack of due process claim in the original Complaint. (Doc. 1 at 7-8). The Report and Recommendation found that "regarding the first administrative hearing, Plaintiff cannot state a cognizable § 1983 claim because state law provided an adequate remedy to the deprivation of his procedural due process rights: an appeal to state court, the reversal of Officer [Vaughn's] decision, and a second administrative hearing before a different hearing officer."[4] (Doc. 24 at 12); *see also*

---

[4] Plaintiff's first administrative hearing was before Defendant Vaughn and his second administrative hearing was before Defendant Brown. (Doc 28, ¶¶ 19 and 22).

5

*Club Madonna, Inc. v. City of Miami Beach*, 924 F. 3d 1370, 1379 (11th Cir. 2019). The Report and Recommendation addressed in detail why Plaintiff's original Complaint failed to allege the deprivation of any procedural due process rights or substantive due process rights. (Doc. 24 at 11-14). For the same reasons set forth in the Report and Recommendation, Plaintiff cannot establish that he was denied a federally protected right, privilege, or immunity. *Id.* Simply put, state law provided Plaintiff due process as he was able not only to appeal, but to obtain a reversal of the decision reached after the first administrative hearing.

        2.    *No Act or Omission Committed by a State Actor or Person Acting Under Color of State Law*

Plaintiff's Amended Complaint also fails to adequately allege an act or omission by the various Defendants while acting under the color of state law. Due to the convoluted nature of the allegations in Count I, Defendants are unclear as to which Defendants are alleged to have committed the acts or omissions at issue in Count I and are further unclear as to what alleged acts or omissions are at issue in Count I. As with Plaintiff's original Complaint, Plaintiff again purports to sue the City of Lakeland and numerous City employees. Footnote 6 of the Report and Recommendation clarified that "the official capacity suits against the City officials are redundant of Plaintiff's claims against the City of Lakeland and should be

dismissed". (Doc. 24 at FN 6); *see also Busby v. City of Orlando*, 931 F. 2d 764, 776 (11th Cir. 1991).[5]

In reviewing the allegations in Count I, it appears the only individual Defendants named in those allegations are Hearing Officers Vaughn and Brown. (Doc. 24, ¶¶ 42-43, 45, 47, and 50).[6] Both Hearing Officers Vaughn and Brown are being sued in their official capacity, and as such, the claims against them should be dismissed. (Doc. 24 at FN 6); *see also Busby*, 931 F. 2d at 776.

As to the City of Lakeland, as set forth in the Report and Recommendation, "Under § 1983, a municipality may not be held liable for the torts of its employees on a *respondeat superior*" basis. (Doc. 24 at 8); *see also Morro v. City of Birmingham*, 117 F. 3d 508, 514 (11th Cir. 1997). "'Instead, municipalities may only be held liable for the execution of a governmental policy or custom.'" (Doc. 24 at 8-9); *see also Morro*, 117 F. 3d at 514; *Swain v. Junior*, 958 F. 3d 1081, 1091

---

[5] It is not entirely clear which Defendants Plaintiff is suing in their individual capacities and which he is suing in their official capacities. Based on the Caption of the Case and consistent with the findings in the Report and Recommendation, it appears that Plaintiff is suing current City Commissioners Madden, McCarley, McLeod, Read, and Walker in their individual capacities and Mayor Mutz, former Commissioner Franklin, and Hearing Officers Vaughn and Brown in their official capacities.

[6] Plaintiff's Amended Complaint does reference Exhibit B to Plaintiff's original Complaint which contains a chart of traffic citations Plaintiff allegedly received from 2014 through 2018. (Doc. 28, ¶ 21 and Doc. 1-2). It does not appear that the traffic citations listed in Exhibit B of Plaintiff's original Complaint are the basis for Count I of Plaintiff's Amended Complaint, or any other count in Plaintiff's Amended Complaint. However, as pointed out in Defendants' prior Motion to Dismiss Plaintiff's original Complaint (Doc. 8 at 7-9) and the Report and Recommendation (Doc. 24 at FN 5), any claim related to a traffic citation that occurred more than four (4) years prior to Plaintiff's filing his original Complaint is time-barred under Section 1983. (Doc. 24 at FN 5).

(11th Cir. 2020). "A plaintiff must identify a municipal policy or custom that has caused his injury." (Doc. 24 at 9); *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003). In reviewing the allegations in Count I, Plaintiff does not identify a municipal policy or custom that he is alleging caused him injury.[7] (Doc. 28, ¶¶ 41-59). As such, Plaintiff's claim against the City of Lakeland should be dismissed.

### C. Count II – Violation of 42 U.S.C. §1985.

The allegations in Count II (paragraphs 55-59) of Plaintiff's Amended Complaint alleging a violation of Section 1985 are substantially the same as the allegations in Count II (paragraphs 31-34) of Plaintiff's original Complaint, which alleged a violation of Section 1985(3). Paragraphs 56-58 in the Amended Complaint are identical to Paragraphs 32-34 in the original Complaint. And Paragraph 55 in the Amended Complaint and Paragraph 31 in the original Complaint are the reincorporation of prior paragraphs in the respective complaints. While Count II of the Amended Complaint adds paragraph 59, that paragraph does not provide any additional basis or support for a claim for a violation of Section 1985.

---

[7] Plaintiff's Amended Complaint appears to contain some vague allegations in which he is alleging the City of Lakeland has a practice custom of giving traffic citation and red light camera violation notices disproportionately to African Americans over the last 20 years. (Doc. 28, ¶¶ 24, 34-36). It is not clear whether these allegations are part of the basis for Plaintiff's Section 1983 claim, and if so, how they relate to the alleged conduct of the Hearing Officers which appear to form the basis of Plaintiff's Section 1983 claim. Defendants cannot be expected to guess as to the nature and basis of Plaintiff's claims.

The Report and Recommendation previously set forth the reasons as to why Plaintiff's original Complaint failed to state a claim for a violation of Section 1985. (Doc. 24 at 14-16). For substantially the same reasons, Plaintiff's Amended Complaint fails to state a claim for a violation of Section 1985.

"To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege '(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of the equal privileges and immunities under the laws, and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" (Doc. 24 at 14); *Cook v. Randolph Cnty., Ga.,* 573 F. 3d 1143, 1156 (11th Cir. 2009).

As with Count II of Plaintiff's original Complaint, Count II of Plaintiff's Amended Complaint should be dismissed because the constitutional violations Plaintiff alleges fail to state a claim. (Doc. 24 at 14); *see also Hogan v. City of Fort Walton Beach*, 817 F. App'x 717, 723 (11th Cir. 2020); *Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001). Similar to Plaintiff's original Complaint, Plaintiff has also failed in his Amended Complaint to allege sufficient facts to show he was injured in his person or property or deprived of any right or privilege. (Doc. 8 at 14-15).

Further, "to allege a §1985(3) claim, the plaintiff 'must show an agreement between two or more persons [to] deprive [him] of [his] civil rights.'" (Doc. 24 at 15); *Wilbourne v. Forsyth Cnty, Sch. Dist.*, 306 Fed. App'x 473, 478 (11th Cir. 2009). While a plaintiff need not allege a formal agreement, "'a plaintiff must show that the parties reached an understanding to deny the plaintiff... [his] rights and prove an actionable wrong to support the conspiracy.'" *Wilbourne*, 306 Fed. App'x at 478 (quoting *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty., FL.*, 956 F. 2d 1112, 1122 (11th Cir. 1992)). "It is insufficient 'to simply aver in the complaint that a conspiracy exists.'" (Doc. 24 at 15); *Fullman v. Graddick*, 739 F. 2d 553, 557 (11th Cir. 1984). Again, despite naming multiple Defendants, Plaintiff does not allege facts demonstrating an agreement or understanding between any two of the Defendants. (Doc. 24 at 15 and Doc. 28, ¶¶ 17-39 and 55-59).[8]

### D.   *Count III – Violation of Title VI of the Civil Rights Act of 1964*

Plaintiff's Amended Complaint fails to state a claim for a violation of Title VI of the Civil Rights Act of 1964 ("Title VI"). It is unclear under which provision of

---

[8] As set forth in the Report and Recommendation, to the extent Plaintiff's conspiracy claim is based on alleged actions or statements between City officials and personnel Plaintiff's conspiracy claim is precluded by the intracorporate conspiracy doctrine. (Doc. 24 at FN 8). "The intracorporate conspiracy doctrine bars conspiracy claims against corporate or government actors accused of conspiring together within an organization." *Rehberg v. Paulk*, 611 F. 3d 828, 854 (11th Cir. 2010)(citing *Dickerson v. Alachua Cnty. Comm'n*, 200 F. 3d 761, 767 (11th Cir. 2000) and *Denney*, 247 F. 3d at 1190). The doctrine recognizes that "it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual to conspire with himself." *Dickerson*, 200 F. 3d at 767.

Title VI Plaintiff is moving. Generally speaking, Section 601, codified in 42 U.S.C. § 2000d, prohibits intentional discrimination against a person because of the person's race under any program or activity receiving Federal financial assistance. *Alexander v. Sandoval*, 532 U.S. 275, 280 and 288-89 (2001). And Section 602, codified in 42 U.S.C. § 2000d-1, generally "confers the authority to promulgate disparate-impact regulations." *Alexander v. Sandoval*, 532 U.S. at 286. But Section 601 does not prohibit activities that have a disparate impact on racial groups. *Alexander v. Sandoval*, 532 U.S. at 281. The allegations in Count III of Plaintiff's Amended Complaint are vague and unclear as to whether Plaintiff is basing his Title VI claim on allegations of intentional discrimination or disparate impact and as such, Defendants do not have adequate notice of the basis for Plaintiff's Title VI claim.

Further, Defendants point out that Title VI provides for a private right of action for claims of intentional discrimination under Section 601, but does not provide for a private right of action for claims based on disparate impact under Section 602. *Alexander v. Sandoval*, 532 U.S. at 282, 285-86, 288-89, and 293. To the extent that Plaintiff is attempting to bring a claim for disparate impact, no private right of action exists for Plaintiff to bring such claims. *Id.* Therefore, the only type of Title VI claim for which Plaintiff would be permitted to bring a private cause of action is a claim for intentional discrimination pursuant to Section 601. However, Count III of Plaintiff's Amended Complaint is devoid of any factual allegations as

to intentional discrimination against Plaintiff. As such, Defendant is not on notice as to how Plaintiff is alleging he was intentionally discriminated against, or who intentionally discriminated against him.

### E. *Count IV – Unjust Enrichment for Violations of Fla. Statutes. § 316.0083(b)(4), § 318.121, § 560.204*

As previously addressed in the Section II.A., Plaintiff's Amended Complaint is a shotgun pleading, which among other things, makes it difficult to discern which counts are being brought against which Defendants. In reviewing the allegations contained in Count IV of Plaintiff's Amended Complaint, it appears the claim for unjust enrichment is being brought against Defendant American Traffic Solutions, and not any of the City-associated Defendants for which this Motion is being submitted.

To the extent Plaintiff is attempting to bring his claim in Count IV for unjust enrichment against the City-associated Defendants, these Defendants do not have enough information regarding the nature of Plaintiff's claim to formulate a detailed response, other than to assert that the allegations in Count IV fail to put Defendants on notice of the nature of the claim against them.

### F. *The Individual Defendants are entitled to immunity.*

The individual Defendants—the Mayor and former and current City Commissioners (Mutz, Franklin, Madden, McCarley, McLeod, Read, and Walker) and the Hearing Officers (Brown and Vaughn)—are entitled to immunity. This issue

was raised in Defendants' Motion to Dismiss Plaintiff's original Complaint (Doc. 8 at 16-20) and ruled upon in the Report and Recommendation (Doc. 24 at 1-19). The Report and Recommendation set forth the reasons the individual Defendants are entitled to immunity. Nothing in Plaintiff's Amended Complaint changes the issues pertaining to immunity for the individual Defendants. As such, instead of restating the same arguments that have already been addressed in this case, Defendants maintain their arguments as previously asserted in the their prior Motion to Dismiss (Doc. 8 at 16-20) and rely on the Court's prior order finding the individual Defendants are entitled to immunity, as set forth in the Report and Recommendation (Doc. 24 at 1-19).

### III. Conclusion

Defendants request that this Court dismiss Plaintiff's Amended Complaint with prejudice. The Court previously adopted the Report and Recommendation (Doc. 25). In the Order adopting the Report and Recommendation, the Court included a Caution to Plaintiff. The Caution provided in part: "Mathis is strongly advised – before amending the complaint – to obtain legal advice and assistance from a member of The Florida Bar. If the amended complaint fails to state a claim, the complaint is subject to final dismissal, which will mean the case is finished in this court." (Doc. 25 at 2).

Plaintiff subsequently moved for an extension of time to file an amended complaint, indicating that he was taking to heart the Caution the Court provided. (Doc. 26). Plaintiff subsequently filed an Amended Complaint, again pro se. (Doc. 28). The Amended Complaint fails to correct the deficiencies in the original Complaint. Further, the Amended Complaint contains new counts from those in the original Complaint, and those new counts contain the same type of deficiencies that were present in the original Complaint. Consistent with the Court's prior caution to Plaintiff, Defendants request that Plaintiff's Amended Complaint be dismissed with prejudice.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was electronically filed using the CM/ECF system and a copy was mailed to: Reverend Howard A. Mathis, Pro Se, 6109 High Glen Drive, Lakeland, Florida 33813 this 2nd day of November, 2021.

**GRAYROBINSON, P.A.**

*/s/ CRAIG F. NOVICK*
**MARK N. MILLER, ESQUIRE**
Florida Bar No. 239216
Mark.Miller@gray-robinson.com
Karen.Pollard@gray-robinson.com
**KRISTIE HATCHER-BOLIN, ESQUIRE**
Florida Bar No. 521388
kristie.hatcher-bolin@gray-robinson.com
linda.august@gray-robinson.com
Post Office Box 3

Lakeland, Florida 33802-0003
Telephone:  (863) 284-2251
Facsimile:  (863) 683-7462
- and -
**CRAIG F. NOVICK, ESQ.**
Florida Bar No.:  0026656
Suite 1400, 301 East Pine Street
Post Office Box 3068
Orlando, Florida  32802-3068
Telephone:  407-843-8880
Facsimile:   407-244-5690
Craig.Novick@gray-robinson.com
Chantal.Mccoy@gray-robinson.com
Attorneys for Defendants