UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOWARD A. MATHIS,

    Plaintiff,

v.                                           CASE NO. 8:21-cv-235-SDM-SPF

CITY OF LAKELAND, et al.,

    Defendants.
_____/

## ORDER

Appearing *pro se*, Howard A. Mathis alleges racial discrimination and sues (Doc. 28) the City of Lakeland, the "City of Lakeland Police Department," eight current or former City of Lakeland officials, and American Traffic Solutions, Inc. An earlier order adopts the magistrate judge's report and recommendation and dismisses the original complaint, an impermissible "shotgun" pleading. After Mathis amends, the Lakeland defendants and American Traffic Solutions each move (Docs. 29, 30) to dismiss with prejudice for, among other reasons, failure again to comply with the basic pleading requirements. Mathis responds (Docs. 31, 32) in opposition.

## BACKGROUND

The amended complaint alleges the following. On September 26, 2018, the City of Lakeland issued a "Notice of Violation" to Mathis for failure while driving

"to comply with a steady red signal." (Doc. 28 ¶ 17) During a December 12, 2018 hearing before the defendant Matthew Vaughn, a City of Lakeland "hearing officer," Mathis opposed the alleged violation. Mathis argued that he was not driving the car at the time of the alleged violation and claimed that he could not agree to "transfer [] liability" from Mathis's wife (the car's registered owner) to himself without committing perjury. (Doc. 1-1 at 2)

Without addressing the argument that Mathis was not driving the car at the time of the violation, Vaughn upheld the violation. Mathis appealed, and the Polk County circuit court reversed. The circuit court found that "[Vaughn] appeared to be singularly focused on whether the Appellant did 'a transfer of liability.'" (Doc. 1-1 at 2) Accordingly, Vaughn upheld the violation "without finding that the Appellant failed to rebut the presumption created by the evidence put on by the municipality." (Doc. 1-1 at 3) The Polk County circuit court remanded the appeal for a new hearing. (Doc. 1-1 at 3)

At the second hearing, Mathis again opposed the alleged violation. In the amended complaint, Mathis claims that "the Traffic Court [] is a mere Kangaroo Court that the hearing officer is on the City's payroll is no different than the fox guarding the hen house." (Doc. 28 ¶ 23) According to Mathis, even though the "normal[] practice" is to call hearings "in alphabetical order," the defendant Joshua Brown, a different "hearing officer," called a hearing for Vicki Wilson, who is white, before calling a hearing for Mathis, who is black. Mathis alleges that Brown racially

discriminated against Mathis by dismissing the notice of violation against Wilson (who purportedly "confessed to running [a] red light") and by "upholding [the] violation" against Mathis. After paying the penalty imposed by the administrative officer, Mathis sued (Doc. 1).

## DISCUSSION

**I. The amended complaint is a "shotgun" pleading.**

Arguing that the original complaint constituted a "shotgun" pleading, the Lakeland defendants and American Traffic Solutions moved (Docs. 8, 11) to dismiss. In a clear and detailed report (Doc. 24), the magistrate judge explained the many deficiencies of the original complaint. An earlier order (Doc. 25) adopts the report and recommendation, permits Mathis leave to amend the complaint, and advises Mathis to obtain legal advice. The order emphasizes, "If the amended complaint fails to state a claim, the complaint is subject to final dismissal, which will mean the case is finished in this court." (Doc. 25 at 2) After Mathis reported unsuccessful attempts to retain counsel, an order (Doc. 27) grants Mathis an extension of the time within which to respond to the complaint.

As the Lakeland defendants and American Traffic Solutions insist, review of the amended complaint reveals another "shotgun" pleading. Violative of Rule 8(a)(2) and Rule 10(b), Federal Rules of Civil Procedure, a "shotgun" pleading fails "in one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim

rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

The categories of a "shotgun" pleading include:

> (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts;
>
> (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;
>
> (3) a complaint that fails to separate into different counts each cause of action or claims for relief; and
>
> (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against.

*Day v. Chronister*, No. 8:21-cv-2933, 2022 WL 717052, at *3 (M.D. Fla. Mar. 10, 2022) (Mizelle, J.).

For more than one reason, the amended complaint is a "shotgun" pleading. Like the original complaint, the amended complaint in Counts I–III attempts to allege a violation of due process rights under 42 U.S.C. § 1983, a conspiracy violative of 42 U.S.C. § 1985(3) to deprive Mathis of civil rights, and racial discrimination violative of 42 U.S.C. § 1981. Even generously construed, Counts I–III assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. In this instance, the amended complaint names twelve defendants but fails to identify which claim for relief is directed to which defendant. Instead, each of Counts I–III alleges that "the unlawful actions of the defendants constitute a violation of [federal law]." (Doc. 28

¶¶ 53, 57, 66)  However, as explained in the report and recommendation, nothing in the amended complaint clarifies how each defendant is involved with any claim. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plan that all of the defendants could not have participated in every act complaint of.")  Thus, each defendant lacks "notice of what claims each defendant must defend against." *Tran v. City of Holmes Beach*, 817 Fed. Appx. 911, 914 (11th Cir. 2020) ("Fostering guesswork is not a goal of pleading, and requiring it violates not only Rule 8 but also Rule 10(b).").

     Also, Counts I–III impermissibly rely on "conclusory, vague, and immaterial facts." *Weiland*, 792 F.3d at 1321.  Each of Counts I–III include a citation to federal law but provide no explanation about how any factual allegation amounts to unlawful conduct under the cited law.  (Doc. 28 ¶¶ 52, 56, 61)  Further, the complaint alleges puzzling facts with no discernable connection to asserted claims.  For example, the amended complaint states in a "Procedure Allegation[]" that Lakeland "mulled on the opportunity to cure the damage being done to Plaintiff" at a "meeting to address[] the City Commission to redress the matter of violation of Plaintiff's Constitutional Rights."  (Doc. 28 ¶ 31)  Because this "Procedure Allegation[]" and others "lack[] the minimum clarity, brevity, or coherence required by Federal Rules of Civil Procedure 8 and 10," the amended complaint is a

"textbook example of a shotgun pleading." *Cardinal v. Haines City*, No: 8:19-cv-3137, 2021 WL 3418814, at *1 (M.D. Fla. Aug. 5, 2021) (Mizelle, J.).

The amended complaint fails to remedy the other earlier identified and impermissible characteristics of the original complaint. Even though an earlier order (Doc. 25) dismisses the claims against active commissioners because of legislative immunity, the amended complaint again purports to sue five active commissioners. The amended complaint includes a claim against a city mayor and former commissioner but fails to allege any fact evidencing wrongful conduct by either defendant. Also, the amended complaint purports to sue the "City of Lakeland Police Department," against which a plaintiff cannot assert a claim for relief. "The Police Department" is not an entity distinct from the City of Lakeland.

Despite the defendants' original motions to dismiss, despite the adopted report and recommendation, and despite an extension of time, the amended complaint disregards earlier direction on how to properly state "a short and plain statement of the claim showing that the pleader is entitled to relief." Because the record shows that further amendment is futile, the complaint warrants dismissal for failure to comply with the basic pleading requirements.

**II. Count IV fails to state a claim for relief.**

The amended complaint adds Count IV, in which Mathis appears to assert under Section 316.0083(1)(b)4, Florida Statutes, a claim for unjust enrichment against American Traffic Solutions. According to Mathis, American Traffic

Solutions "conspired with the City of Lakeland in a money grabbing scheme and disguise[d] it as a safety program regarding traffic accidents." (Doc. 28 ¶ 68) Mathis alleges that American Traffic Solutions "extracted" a "convenience fee" when Mathis paid the penalty imposed by Lakeland. (Doc. 28 ¶ 71) Moving to dismiss, American Traffic Solutions argues that Mathis received a "bargained for" benefit, the use of an "electronic method to pay his civil penalty by credit card." (Doc. 30 at 13) Insisting that Mathis received "adequate consideration" for a "benefit conferred," American Traffic Solutions maintains that Mathis's claim for unjust enrichment must fail. *See American Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331–32 (Fla. 5th DCA 2007).

Through certification to the Florida Supreme Court, *Pincus v. American Traffic Solutions, Inc.*, 25 F.4th 1339, 1340–41 (11th Cir. 2022), concludes that the retention (under circumstances nearly identical to this action) of a convenience fee for facilitating an online payment invalidates a claim for unjust enrichment. Even if Florida law barred charging a convenience fee, the retention of a convenience fee "is not inequitable" because the value received in exchange for the convenience fee includes "(1) not having to procure postage and a check or money order; (2) being able to pay the balance over time; (3) avoiding the risk of payment being delayed, stolen, or lost en route; (4) being afforded more time to make the payment because it would be received instantaneously; and (5) receiving immediate confirmation that ATS received the payment." *Pincus*, 25 F.4th at 1340–41 (11th Cir. 2022) (citing

*Pincus v. American Traffic Sols., Inc.*, 333 So. 3d 1095, 1097 (Fla. 2022) and affirming the dismissal of a claim for unjust enrichment). Because Mathis received adequate consideration for paying a convenience fee to American Traffic Solutions, Count IV warrants dismissal.

## CONCLUSION

For these reasons and others advanced by the defendants, the Lakeland defendants' and American Traffic Solutions' motions (Docs. 29, 30) to dismiss are **GRANTED**. The amended complaint is **DISMISSED**. Also, the Lakeland defendants' motion (Doc. 51) to substitute counsel is **GRANTED**. Craig Novick is **WITHDRAWN**. The clerk must terminate Craig Novick from the service list, enter judgment for each defendant and against Howard A. Mathis, and close the case.

ORDERED in Tampa, Florida, on June 29, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE